Submitted February 6, judgments for second-degree failure to appear in Case Numbers 070054CR and 070055CR reversed; otherwise affirmed May 27, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRIAN SCOTT NYDIGGER,
*Defendant-Appellant.*

Lake County Circuit Court
070053CR, 070054CR, 070055CR;
A136129 (Control), A136130, A136131

208 P3d 1055

Peter Gartlan, Chief Defender, and Kenneth A. Kreuscher, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

This is a consolidated appeal of three criminal judgments of conviction for failure to appear in the second degree. ORS 162.195. Defendant argues that the trial court erred in denying his motions for a judgment of acquittal on two of the convictions. He also argues that the court erred in failing to merge the three convictions. The state concedes the insufficiency of the evidence as to the first two convictions and argues that, as a result, defendant's argument about the failure to merge the convictions becomes a moot point. We accept the state's concession and, accordingly, need not address defendant's merger argument.

The facts are not in dispute. Defendant was charged with misdemeanor driving while under the influence of intoxicants (DUII) and driving while suspended (DWS). He entered into a release agreement and was released. Two months later, he appeared in court on those matters and learned that the state had decided to charge him with two additional offenses—harassment in one case and an additional charge of DWS in another. The state did not arrest him or take him into actual custody on either of those charges, however. He entered into a new release agreement covering the charges in both of those cases and was released "in lieu of remaining in custody." Several months later, defendant missed an appearance in court on all of the pending charges in the three cases. He was then charged with three counts of second-degree failure to appear. In Case Number 070053CR, he was charged with failure to appear on the original DUII and DWS charges. In Case Number 070054CR, he was charged with failure to appear on the additional DWS charge, and, in Case Number 070055CR, he was charged with failure to appear on the harassment charge.

At trial, defendant moved for a judgment of acquittal on the latter two charges of failure to appear. He argued that there was no evidence that he had been released from custody or from a corrections facility. The trial court denied the motion, and defendant was convicted on all three failure-to-appear charges. The court did not merge the convictions in Case Numbers 070054CR and 070055CR but, instead,

ordered that sentences on those convictions be served concurrently.

On appeal, defendant argues that the trial court erred in denying his motions for a judgment of acquittal in Case Numbers 070054CR and 070055CR and in failing to merge the convictions on both of those counts. The state concedes that the trial court erred in failing to grant the motions for a judgment of acquittal and argues that, as a result, the assignment pertaining to failure to merge the convictions is a moot point.

We agree that the trial court erred in failing to grant the motions for a judgment of acquittal on the two counts of failure to appear. Second-degree failure to appear requires proof that, among other things, the defendant failed to appear after having been released from "custody" or a correctional facility. ORS 162.195. "Custody" means "the imposition of actual or constructive restraint by a peace officer pursuant to an arrest or court order." ORS 162.135(4).

In *State v. Ford*, 207 Or App 407, 142 P3d 107 (2006), the defendant was charged with two crimes. At arraignment, he signed a release agreement that stated that he had been released from custody and was required to attend subsequent court hearings. When he failed to attend a subsequent court hearing, he was charged with, and convicted of, second-degree failure to appear. *Id.* at 409. We reversed on the ground that no evidence established that he had been released from "custody." *Id.* at 411. We rejected the state's argument that "custody" includes actual or constructive restraint by a court, as opposed to the "peace officer" that the statute mentions. *Id.* at 410-11.

This case is materially indistinguishable from *Ford*. The record contains no evidence that defendant was in the "custody" of a peace officer before his release. Our conclusion in that regard renders it unnecessary to address defendant's contentions concerning the trial court's failure to merge the convictions.

Judgments for second-degree failure to appear in Case Numbers 070054CR and 070055CR reversed; otherwise affirmed.